**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COLLEEN M. STROM, | ) | |
| Plaintiff, | ) | Civil Action No. 2:14-1518 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell/ |
| | ) | District Judge David S. Cercone |
| THOMAS W. CORBETT *in his official* | ) | |
| *Capacity as Governor of Pennsylvania,* | ) | |
| ANNETTE TIERNEY *in her official* | ) | |
| *Capacity as Hearing Officer in the Family* | ) | |
| *Division of The Court of Common Pleas* | ) | |
| *of Allegheny County,* GERALDINE M. | ) | |
| REDIC, *in her official capacity as Deputy* | ) | |
| *Administrator of the Domestic Relations* | ) | |
| *Office of Allegheny County,* and THOMAS | ) | |
| G. SAYLOR, *in his official capacity as* | ) | |
| *Chief Justice of the Supreme Court of* | ) | |
| *Pennsylvania,* | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.    RECOMMENDATION

Presently before the Court is Defendants Geraldine M. Redic, Thomas G. Saylor and Annette Tierney's Motion to Dismiss [ECF No. 43].  The motion is fully briefed and ripe for disposition.  For the following reasons, it is respectfully recommended that Defendants' motion [ECF No. 43] be granted and Plaintiff's complaint be dismissed as moot.

### II. REPORT

#### a.  Background

Plaintiff Colleen Strom, proceeding *pro se*, brings the present action pursuant to 42 U.S.C. § 1983 alleging various constitutional challenges to Pennsylvania Rule of Civil Procedure 1910.16-2(b)(2) and its 2011 Amendment (the "Rule") which sets forth the calculation of net

income under Pennsylvania's child support guidelines. Plaintiff claims the Rule and its 2011 Amendment violates the Fourteenth Amendment due process, equal protection and the Supremacy Clause because it treats the income of social security disability income ("SSDI") recipients who are the primary custodial parent different than other parents, including non-custodial SSDI recipients, by reducing the amount of child support for the SSDI recipient's children. Plaintiff is disabled and collects Social Security disability benefits and collects Social Security derivative benefits for her children based on her disability. Am. Compl. [ECF No. 24] at ¶ 2. Additionally, Plaintiff is a party to a child support order imposed by the state court. *Id*. at ¶ 5. Under Pennsylvania law, child support is calculated by adding both parents' incomes to find the base child support amount, and the final child support amount is calculated by apportioning each parent's share according to his or her percentage of the total income. Pa. R. Civ. P. 1910.16-4.

Under the Rule and its 2011 Amendment, if a child is receiving a derivative SSDI benefit due to a parent's disability, that derivative benefit is added to the parents' combined net monthly income used in the support schedule to calculate the income available for support. Am. Compl [ECF No. 24] at ¶ 3. Afterwards, the derivative benefit amount is subtracted from the presumed support obligation, and then the parents' respective support obligations are calculated from the number calculated. *Id*. at ¶ 4. Pennsylvania law only permits a SSDI recipient to count the children's derivative SSDI benefit if the parent is non-custodial. *Id*. Plaintiff alleges that this creates the situation that forces a custodial disabled parent to pay child support from the derivative benefit the children receive. *Id*. Plaintiff argues that because she is a disabled Social Security recipient who is the custodial parent, Pennsylvania law requires that the children's derivative not be counted in her income and be instead subtracted from the total child support

order, giving the non-disabled, non-custodial parent 80% of the derivative as a credit to his child support obligation as if he were the one providing this amount, thereby severely reducing the child support amount for her children. *Id*. at ¶ 5.

To put this statutory framework into play under the Rule and 2011 Amendment, Plaintiff states that her total income is $1,372 per month. *Id*. at ¶ 6. The children's non-disabled, non-custodial healthy working father has a net income of $3,991 per month. *Id*. The current child support obligation is $1,033 and due to Plaintiff's disability, the child[1] receives a social security derivative benefit in the amount of $490 per month. *Id*. at ¶ 8. However, of the $1,033 total child support order, because the child's derivative benefit is largely credited to the father, he pays only $389.69 per month of the total child support obligation, leaving the disabled Plaintiff to make up the difference of $643.31. *Id*. at ¶ 6.

The Rule was amended in July 2015, and substantially changes how derivative benefits are treated. The Rule, as amended, now credits the derivative benefit to the custodial SSDI recipient, like Plaintiff, against the presumed child support amount that they are obligated to contribute. The July 2015 Amendment is set forth as follows:

> **(b) Treatment of Public Assistance, SSI Benefits, Social Security Payments to a Child Due to a Parent's Death, Disability or Retirement and Foster Care Payments.**
>
> . . .
>
> (2) *Social Security Derivative Benefits for a Child.*
>
> (A) This subdivision (A) shall be applied if a child for whom support is sought is receiving Social Security derivative benefits as a result of either parent's retirement or disability.

---

[1] While Plaintiff generally argues that her "children" are entitled to the support amount, she also includes the fact that all but one of her children has reached adulthood. Therefore, while these facts are not determinative, the Court will only consider the minor child in making its recommendation.

. . .

> (i) If a child for whom support is sought is receiving Social Security benefits as a result of a parent's retirement or disability, the amount of the benefit shall be added to the income of the party receiving the benefit on behalf of the child to calculate child support. Next, apportion the amount of basic child support set forth in the schedule in Rule 1910.16-3 between the parties based upon each party's percentage share of their combined net monthly income, including the child's benefit in the income of the party receiving it.
>
> (ii) If the child's benefit is being paid to the obligee, the amount of the child's benefit shall be deducted from the basic support obligation of the party whose retirement or disability created the child's benefit. If the child's benefit is being paid to the obligor, the child's benefit shall not be deducted from the obligor's obligation, even if the obligor's retirement or disability created the child's benefit. In cases of equally shared custody, first determine which party has the higher income without the benefit, and thus is the obligor, before adding the child's benefit to the income of the party receiving it.

Pa.R.Civ.P. 1910.16-2.

The July 2015 Amendment also provides the following illustration to explain how the 2015 Amendment credits the derivative benefit to the custodial SSDI recipient against the obligated support amount:

> *Example 1.* The obligor has net monthly income of $2,000. The obligee's net monthly income is $1,500 and the obligee's net monthly income is $1,500 and the obligee, as a primary custodial parent of the parties' two children, receives $700 per month in Social Security derivative benefits on behalf of the children as a result of the obligor's disability. Add the children's benefit to the obligee's income, which now is $2,200 per month. At the parties' combined net monthly income of $4,200, the amount of basic child support for two children is $1,272. As the obligor's income is 48% of the parties' combined monthly net income, the obligor's preliminary share of the basic support obligation is $611. However, because the obligor's disability created the children's Social Security derivative benefits that the obligee is receiving, the obligor's obligation is reduced by the amount of the benefit, $700. As the amount cannot be less than zero, the obligor's obligation is $0 per month. If it were the obligee's disability that created the

benefit, the obligor's obligation would remain $611. If the obligor were receiving the children's benefit as a result of the obligor's retirement or disability, the obligor's income would include the amount of the benefit and total $2,700, or 64% of the parties' combined net monthly income. The obligor's share of the basic support obligation would then be $814 and would not be reduced by the amount of the children's benefit because the obligor, not the obligee is receiving the benefit. Therefore, the obligor's obligation is less if the oblige is receiving the benefit created by the obligor.

*Id*.

Lastly, the July 2015 Amendment explanatory comments provide the reasoning as to why the Amendment was made:

The rule has been amended to provide that a party's support obligation will be reduced by the amount of a child's Social Security derivative benefit if that party's retirement or disability created the benefit and the benefit is being paid to the household in which the child primarily resides or the oblige in cases of equally shared custody. In most cases, payment of the benefit to the obligee's household will increase the resources available to the child and the parties. The rule is intended to encourage parties to direct that the child's benefits be paid to the obligee.

*Id*. at Explanatory Comment to the July 2015 Amendment.

Currently pending before the court is Defendants Geraldine M. Redic, Thomas G. Saylor and Annette Tierney's motion to dismiss for lack of jurisdiction and for otherwise failing to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectively.[2] Defendants move to dismiss Plaintiff's amended complaint on the following grounds: (1) the amendments made to the Rule at issue moots Plaintiff's claims; (2) there is no Article III justiciable controversy against the Court of Common Pleas because its involvement with the

---

[2] Plaintiff also brought this action against the Pennsylvania Attorney General Kathleen Kane and former Pennsylvania Governor Thomas W. Corbett. Plaintiff voluntarily dismissed the action against Defendant Kane, *see* [ECF No. 31] and the action was dismissed as to Defendant Corbett for not being a proper defendant to this case. *See* Rep. and Rec. [ECF No. 38] at 18 adopted by Memo. Order [ECF No. 52].

Rule is purely adjudicatory; (3) the Court of Common Pleas is not a proper defendant; (4) preclusion principles bar Plaintiff's claims because she has already litigated the Rule's constitutionality; (5) legislative immunity bars the claims against the Pennsylvania Supreme Court because the Court does not enforce the Rule, but only enacts it; and (6) Plaintiff has not otherwise set forth a viable equal protection, due process or Supremacy Clause claim. As this Court recommends dismissing Plaintiff's claims as moot because the July 2015 Amendment substantially amends the statute such that the declaratory and injunctive relief that Plaintiff seeks is foreclosed, this recommendation will be focused only on that issue.

      b. <u>Discussion</u>

Pursuant to Article III, section 2 of the United States Constitution, federal jurisdiction extends only to cases and controversies. If there is no longer a live case or controversy in the claims alleged, the claim becomes moot and a federal court lacks jurisdiction to hear it. *Nextel Partners Inc. v. Kingston Twp.*, 286 F.3d 687, 693 (3d Cir. 2002) (citing *Allen v. Wright*, 468 U.S. 737, 750 (104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)). The mootness doctrine also applies to amendments made to statutes and ordinances after the commencement of litigation challenging the constitutionality of the statute or ordinance. "If a claim is based on a statute or ordinance that is amended after the litigation has begun, the amendment may or may not moot the claim, depending on the impact of the amendment." *Nextel Partners Inc.*, 286 F.3d at 693. If the "amendment removes those features in the statute being challenged by the claims, any claim for injunctive relief 'becomes moot as to those features.'" *Id.* (quoting *Nextel West Corp. v. Unity Twp.*, 282 F.3d 257, 262 (3d Cir. 2002) (if the statute has been "substantially amended or repealed" then any challenge to its validity is moot.)). But, if the statutory amendment "differs only insignificantly from the original" statute, the amendment does not moot a claim for

injective relief. *Nextel Partners Inc.*, 286 F.3d at 693.

Here, Plaintiff seeks declaratory and injunctive relief challenging the constitutionality of the Rule and its 2011 Amendment. Plaintiff argues it only permits a non-custodial parent to count a child's derivative benefit into his net income for purposes of calculating the child support obligation, which essentially causes disabled parents to pay child support from that derivative. Thus, Plaintiff alleges that the Rule is unconstitutional as it treats custodial parents receiving SSDI benefits disproportionately compared to those receiving social security retirement benefits and targets disabled custodial parents.

As the Rule was amended in July 2015, the operative issue is whether this amendment resolves the disproportionate attribution of the child's derivative benefit to the non-custodial, non-disabled parent.

Using the income and support amounts that Plaintiff included in her complaint, the July 2015 Amendment changes the present child support obligations as follows.[3] The obligor-father's monthly net income is $3,991.[4] The obligee-plaintiff's monthly income is $1,372 and as the primary custodial parent of the parties' child, she receives $490 in Social Security derivative benefits on behalf of the child due to her own disability. The child's derivative benefit is added to the obligee-plaintiff's income, which becomes $1,862 per month. Thus, the monthly

---

[3]     It must be emphasized that the following explanation of how the statutory Amendment is employed is for illustrative purposes only to show that the July 2015 Amendment has mooted Plaintiff's claim, as the child's derivative benefit received due to Plaintiff's disability is no longer reduced from the father's child support obligation. In no way does this explanation attempt to determine the amount of the child support obligation due from each parent, as that determination is solely vested in the state courts. *See generally Rose v. Rose*, 481 U.S. 619, 628, 107 S. Ct. 2029, 2035, 95 L. Ed. 2d 599 (1987) (recognizing that child support orders are traditionally within the authority of the state courts).

[4]     Under Pa.R.Civ.P. 1910.3, the party who has primary custody of the children is the obligee of a child support order. Here, Plaintiff is the obligee, and the father is the obligor.

combined net income of both parents is $5,853. For purposes of this illustration, the Court will assume that the child support obligation remains $1,033, as set forth in the complaint. Because the father's income is approximately 68% of the parties' combined monthly net income, the father's share of the child support obligation is approximately $702. Because the Plaintiff's income is approximately 32% of the parties combined monthly net income, Plaintiff's share of the child support obligation is approximately $331. Plaintiff's disability created the child's benefit, so the obligor-father's child support obligation remains the same – $702 – and is not reduced by the amount of the derivative benefit. Prior to the July 2015 Amendment, the obligor-father's child support obligation was reduced in part by the child's derivative benefit created by the Plaintiff, obligating him to pay, as Plaintiff alleges, only $389.69 per month. Therefore, it is clear that the July 2015 Amendment removed those features in the statute being challenged by reducing a non-custodial, non-disabled obligor's support obligation from the child's derivative benefit which was created by the custodial, disabled obligee and thus moots any injunctive or declaratory relief that Plaintiff seeks.

Accordingly, it is respectfully recommended that Defendants' motion to dismiss be granted and Plaintiff's complaint be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants motion to dismiss [ECF No. 43] be granted and Plaintiff's complaint be dismissed as moot.

In accordance with Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until August 31, 2015 to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days

after the service of such objections to respond thereto.

Dated: August 17, 2015

Respectfully submitted,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: The Honorable David S. Cercone
United States District Court
Western District of Pennsylvania

*Colleen M. Strom, PRO SE*
2361 Tilbury Avenue
Pittsburgh, PA 15217

*Counsel for Defendant Thomas W. Corbett*
Mary Lynch Friedline
Scott A. Bradley
Office of Attorney General
Fifth Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

*Counsel for Defendants Annette Tierney, Geraldine M. Redic and Thomas G. Saylor*
Michael P. Daley
Administrative Office of Pennsylvania Courts
Supreme Court of Pennsylvania
1515 Market Street
Suite 1414
Philadelphia, PA 19102